Deadeeicic, Cb. J.,
delivered the opinion of the court:
Wallace was convicted in the criminal court of Montgomery county, under section 4701 of the Code.
That, section provides that every person who by any false pretense, or by any false token or counterfeit letter, with intent to defraud another, obtains from any person *617 any personal property, or tire signature of any person to a -written instrument, tlie false making of which is forgery, shall be imprisoned in the penitentiary not less than three nor more than ten years.
The prisoner represented himself to be W. S. Hardy, the son of -- Hardy, and junior member of a large wholesale furniture house in Hew York City, trading under the style of Hardy, Mott & Co., and by reason of these and other misrepresentations to John F. Couts, of the firm of John F. Couts & Son, retail dealers in furniture in Clarksville, induced, as alleged, said John F. Couts to indorse a draft drawn by said Wallace by the name of W. S. Hardy, on the said firm of Hardy, Mott & Co., of Hew York, for fifty dollars, which was cashed by a bank in Clarksville, upon the faith of Couts’ indorsement, who afterwards paid the amount.
If the pretenses employed were false, and the prisoner thereby obtained the signature of Couts to the instrument, and the instrument is of such a character as the false making of it is forgery, then the offense is within the provisions of the section cited.
The indictment does not set out the instrument indorsed, but simply describes it as a draft and a written instrument which was drawn upon Hardy, Mott & Co., Hew York, for the amount of fifty dollars, etc.
This court has held that it is indispensably necessary, in an indictment for forgery, that the instrument alleged to be forged should be set out with literal accuracy if within prosecutor’s control, or if not, the indictment must state an excuse for the omission. 1 Head, 139. .
Although the indictment in this case is not technically forgery, yet in order to maintain it, the jury must pass upon the genuineness of the paper and the question whether it is an instrument the false making of which is forgery, must be determined by the court, in order to decide the question of the prisoner’s guilt.
*618 An indictment for forgery must set forth the instrument charged to be forged, so that the court may see whether it is an instrument in respect of which forgery can be committed. 2 Russell Or.’s, 373, and notes.
So, under the statute cited, where the false pretense obtained the signature to, or indorsement of, an instrument, it is equally necessary that such instrument should be set forth, in order that the court may determine whether the false making or indorsement of such instrument over would be forgery.
We liaye several times held that the officer having charge of a jury in a felony case should be sworn not only to keep them separate and apart from other citizens, and not to allow them to have any communication with others, but also that he Limself will not converse with them upon the subject of the cause then under their consideration.
We have also held that the record need not set out the oath administered, but that it will be sufficient that the record shall show from day to day that the officer having the jury in charge was duly sworn.
The oath was that the officer should “keep the jury together, separated and apart from other citizens, and not allow them to discuss the matters arising in this cause.” lie was not sworn not to talk with them himself about the case.
The oath administered to the officer in this case is not such as the law requires.
But because the indictment does not set ont the instrument, the false making of which would be forgery, the judgment must be arrested. If the prosecutor is unable to produce the instrument, the excuse for not doing so should be set forth in the indictment, and secondary evidence of its contents would be admissible.
But we regard this as a proper uase in which to remand the prisoner to the custody of the jailer of Montgomery county, to be proceeded against by a new indictment.